UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

THE PRODUCE CONNECTION, INC.,

        Debtors.
_____/

BARRY E. MUKAMAL,

        Plaintiff,

vs.

TRANSAMERICA LIFE INSURANCE CO.,

        Defendants.
_____/

Case No. 16-26156-AJC

Chapter 7

Adv. Proc. No. _____

## COMPLAINT TO AVOID FRAUDULENT TRANSFER

The plaintiff, BARRY E. MUKAMAL, Trustee, sues the defendant, TRANSAMERICA LIFE INSURANCE CO., and states:

1.    The plaintiff is the trustee in this chapter 7 proceeding, which was commenced by the filing of a voluntary petition on December 5, 2016.

2.    The court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157(b)(1), (2)(F) and (H), and the district court's Admin. Order 2012-25 referring proceedings to this court. This is a core proceeding.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1408 and §1409.

4.    The debtor, The Produce Connection, Inc. was a licensed dealer under the Perishable Agricultural Commodities Act (PACA). To the extent any of the Transfers described in the following paragraph were made from assets subject to the PACA statutory trust under 7 U.S.C. §499e(c)(2), the plaintiff acts as representative of the trust pursuant to the Order Granting

Trustee's Motion for Authority to Administer PACA Trust Assets entered March 17, 2017 [DE 114, in this chapter 7 case.

5. The Produce Connection, Inc. ("the debtor") made the following transfers to the defendant:

| Amount | Date | Account | Bank |
|---|---|---|---|
| $3,145.63 | 01/09/13 | 11020- | Mellon United National |
| $3,145.63 | 02/07/13 | 11020- | Mellon United National |
| $3,145.63 | 03/07/13 | 11020- | Mellon United National |
| $3,145.63 | 04/08/13 | 11020- | Mellon United National |
| $3,145.63 | 05/09/13 | 11020- | Mellon United National |
| $3,145.63 | 06/10/13 | 11020- | Mellon United National |
| $3,145.63 | 07/08/13 | 11020- | Mellon United National |
| $3,145.63 | 08/07/13 | 11020- | Mellon United National |
| $3,145.63 | 09/09/13 | 11020- | Mellon United National |
| $3,145.63 | 10/09/13 | 11020- | Mellon United National |
| $3,145.63 | 11/07/13 | 11020- | Mellon United National |
| $3,145.63 | 12/09/13 | 11020- | Mellon United National |
| $3,145.63 | 01/08/14 | 11020- | Mellon United National |
| $3,145.63 | 02/07/14 | 11020- | Mellon United National |
| $3,145.63 | 03/07/14 | 11020- | Mellon United National |
| $3,145.63 | 04/09/14 | 11020- | Mellon United National |
| $3,145.63 | 05/07/14 | 11020- | Mellon United National |
| $3,145.63 | 06/09/14 | 11020- | Mellon United National |
| $3,145.63 | 07/09/14 | 11020- | Mellon United National |
| $3,145.63 | 08/07/14 | 11020- | Mellon United National |
| $3,145.63 | 09/08/14 | 11020- | Mellon United National |
| $3,145.63 | 10/08/14 | 11020- | Mellon United National |
| $3,145.63 | 11/07/14 | 11020- | Mellon United National |
| $4,477.81 | 11/12/14 | 11020- | Mellon United National |
| $3,145.63 | 12/08/14 | 11020- | Mellon United National |
| $4,477.81 | 12/15/14 | 11020- | Mellon United National |
| $3,145.63 | 01/07/15 | 11020- | Mellon United National |
| $4,477.81 | 01/14/15 | 11020- | Mellon United National |
| $3,145.63 | 02/10/15 | 11020- | Mellon United National |
| $4,477.81 | 02/13/15 | 11020- | Mellon United National |
| $3,145.63 | 03/09/15 | 11020- | Mellon United National |
| $4,477.81 | 03/13/15 | 11020- | Mellon United National |
| $3,145.63 | 04/08/15 | 11020- | Mellon United National |
| $4,477.81 | 04/15/15 | 11020- | Mellon United National |
| $3,145.63 | 05/08/15 | 11020- | Mellon United National |
| $4,477.81 | 05/13/15 | 11020- | Mellon United National |
| $3,145.63 | 06/08/15 | 11020- | Mellon United National |
| $4,477.81 | 06/15/15 | 11020- | Mellon United National |
| $4,477.81 | 07/15/15 | 11020- | Mellon United National |
| $3,145.63 | 08/07/15 | 11020- | Mellon United National |

| | | | |
|---|---|---|---|
| $4,477.81 | 08/13/15 | 11020- | Mellon United National |
| $3,145.63 | 09/10/15 | 11020- | Mellon United National |
| $4,477.81 | 09/14/15 | 11020- | Mellon United National |
| $3,145.63 | 10/08/15 | 11020- | Mellon United National |
| $4,477.81 | 10/14/15 | 11020- | Mellon United National |
| $3,145.63 | 11/09/15 | 11020- | Mellon United National |
| $4,477.81 | 11/13/15 | 11020- | Mellon United National |
| $3,145.63 | 12/09/15 | 11020- | Mellon United National |
| $4,477.81 | 12/14/15 | 11020- | Mellon United National |
| $3,145.63 | 01/07/16 | 11020- | Mellon United National |
| $4,477.81 | 01/13/16 | 11020- | Mellon United National |
| $3,145.63 | 02/08/16 | 11020- | Mellon United National |
| $4,477.81 | 02/16/16 | 11020- | Mellon United National |
| $3,145.63 | 03/09/16 | 11020- | Mellon United National |
| $4,477.81 | 03/14/16 | 11020- | Mellon United National |
| $3,145.63 | 04/07/16 | 11020- | Mellon United National |
| $4,477.81 | 04/13/16 | 11020- | Mellon United National |
| $3,145.63 | 05/09/16 | 11020- | Mellon United National |
| $4,477.81 | 05/13/16 | 11020- | Mellon United National |
| $3,145.63 | 06/08/16 | 11020- | Mellon United National |
| $4,477.81 | 06/15/16 | 11020- | Mellon United National |
| $3,145.63 | 07/07/16 | 11020- | Mellon United National |
| $4,477.81 | 07/13/16 | 11020- | Mellon United National |
| $3,145.63 | 08/08/16 | 11020- | Mellon United National |
| $4,477.81 | 08/15/16 | 11020- | Mellon United National |
| $3,145.63 | 09/08/16 | 11020- | Mellon United National |
| $4,477.81 | 09/14/16 | 11020- | Mellon United National |
| $3,145.63 | 10/06/16 | 11020- | Mellon United National |
| $4,477.81 | 10/12/16 | 11020- | Mellon United National |
| $3,145.63 | 11/09/16 | 11020- | Mellon United National |
| $4,477.81 | 11/14/16 | 11020- | Mellon United National |
| $256,644.23 | | | |

The transfers described in this paragraph will be referred to as "the Transfers."

### Count 1
[Avoidance of Constructively Fraudulent Transfer: 11 U.S.C. §548(a)(1)(B)]

The allegations in paragraphs 1 through 5 are realleged as if set forth in this count.

6. This is an action seeking to avoid a fraudulent transfer pursuant to 11 U.S.C. §548(a).

7. The Transfers were made to or for the benefit of the defendant.

8. The Transfers were made for less than reasonably equivalent value.

9. At the time of the Transfers, the debtor was insolvent or the debtor became

3

insolvent as a result of the Transfers. As a result of the debtor's falling farther and farther behind in paying its produce vendors, and the increasing time lag in receiving payments on its government supply contract, the debtor's liabilities exceeded its assets.

10. At the time of the Transfers, the debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured. The debtor was delinquent in its payments to produce vendors at the time, beyond the time permitted by the federal Perishable Agricultural Commodities Act.

11. At the time of the Transfers, the debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital. Throughout this period, the debtor was unsuccessfully trying to support a federal government supply contract that was based on a cost-plus payment model that did not recognize the variant costs paid by the debtor's subcontractors and which would be a money-loser for the debtor. It did not have access to the additional capital necessary to support the contract.

WHEREFORE, the plaintiff demands judgment against the defendant avoiding the Transfers pursuant to 11 U.S.C. §548(a)(1)(B), and awarding the property or its value to the estate pursuant to 11 U.S.C. §550(a).

### Count 2
[Avoidance of Constructively Fraudulent Transfer: Fla. Stat. §726.105(1)(b)]

The allegations in paragraphs 1 through 5 are realleged as if set forth in this count.

12. This is an action seeking to avoid fraudulent transfers pursuant to 11 U.S.C. §544(b).

13. At the time of the Transfers, a creditor existed who held an unsecured claim against the debtor. At any time during that period, the debtor owed money to many produce

4

vendors.

14. The Transfers were made without receiving a reasonably equivalent value in exchange.

15. The Transfers were made at a time when the debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.  Throughout this period, the debtor was unsuccessfully trying to support a federal government supply contract that was based on a cost-plus payment model that did not recognize the variant costs paid by the debtor's subcontractors and which would be a money-loser for the debtor.  It did not have access to the additional capital necessary to support the contract.

16. The Transfers were made at a time when the debtor intended to incur, or believed or reasonably should have believed that it would incur, debtors beyond its ability to pay as they became due.  The debtor was delinquent in its payments to produce vendors at the time, beyond the time permitted by the federal Perishable Agricultural Commodities Act.

WHEREFORE, the plaintiff demands judgment against the defendant avoiding the Transfers pursuant to 11 U.S.C. §544(b), based on Fla. Stat. §726.105(1)(b) and §726.108, and awarding either the property or its value to the estate pursuant to 11 U.S.C. §550(a).

### Count 3
[Avoidance of Constructively Fraudulent Transfer: Fla. Stat. §726.106(1)]

The allegations in paragraphs 1 through 5 are realleged as if set forth in this count.

17. This is an action seeking to avoid fraudulent transfers pursuant to 11 U.S.C. §544(b).

18. The Transfers were made to or for the benefit of the defendant.

19. At the time of the Transfers, a creditor existed who held an unsecured claim

against the debtor. At any time during that period, the debtor owed money to many produce vendors.

20. The Transfers were made without receiving a reasonably equivalent value in exchange.

21. The Transfers were made while the debtor was insolvent or the debtor became insolvent as a result of the Transfers. As a result of the debtor's falling farther and farther behind in paying its produce vendors, and the increasing time lag in receiving payments on its government supply contract, the debtor's liabilities exceeded its assets.

WHEREFORE, the plaintiff demands judgment against the defendant avoiding the Transfers pursuant to 11 U.S.C. §544(b), based on Fla. Stat. §726.106(1), and §726.108, and awarding either the property or its value to the estate pursuant to 11 U.S.C. §550(a).

### Count 4
[In the alternative, Improper Payments from Trust]

The allegations in paragraphs 1 through 5 are realleged as if set forth in this count.

22. The Transfers were made from monies that were held in a statutory trust pursuant U.S.C. §499e(c)(2), at a time when the debtor knew that it was not paying its produce vendors within the time required by the PACA.

23. At the time of the Transfers, the defendant knew or believed or had reason to believe that the debtor was not obligated to it but rather was paying the debt of another.

24. At the time of the Transfers, the defendant knew or believed or had reason to believe that the debtor was a produce dealer.

25. At the time of the Transfers, the defendant knew or believed or had reason to believe that the debtor was delinquent in its payments to produce vendors.

26. At the time of the Transfers the statutory trust fund was insufficient to pay the

produce vendors protected by the trust and the trust has remained inadequate to pay the produce vendors claims at all times since.

WHEREFORE, the plaintiff demands judgment against the defendant for the disgorgement of the amount of the Transfers, plus interest from this date, and directing execution for that sum.

### Count 5
[In the alternative, Avoidance of Preferential Transfer]

The allegations in paragraphs 1 through 5 are realleged as if set forth in this count.

27.     This is an action seeking to avoid preferential transfers pursuant to 11 U.S.C. §547(b).

28.     The debtor made the following 90-day Transfers to the defendant during the 90 days immediately preceding the filing of the chapter 7 petition:

| Amount | Date | Account | Bank |
| --- | --- | --- | --- |
| $3,957.90 | 09/13/16 | 11020- | Mellon United National |
| $5,351.83 | 09/13/16 | 11020- | Mellon United National |
| $4,375.83 | 09/13/16 | 11020- | Mellon United National |
| $4,337.58 | 10/12/16 | 11020- | Mellon United National |
| $9,735.72 | 10/12/16 | 11020- | Mellon United National |
| $3,219.86 | 11/16/16 | 11020- | Mellon United National |
| $13,359.99 | 11/16/16 | 11020- | Mellon United National |

29.     The 90-day Transfers were "transfers" of the debtor's property as defined in 11 U.S.C. §101(54).

30.     At the time of the 90-day Transfers, the debtor was the account holder of the bank account.

31.     At the time of the 90-day Transfers, the defendant was a creditor of the debtor.

32.     The debtor made the 90-day Transfers for or on account of an antecedent debt owed by the debtor to the defendant.

33.     At the time of the 90-day Transfers, the debtor was insolvent.

34. The 90-day Transfers enabled the defendant to receive more than it would receive if the 90-day Transfers had not been made and the defendant received payment of the debt to the extent provided by the provisions of Title 11, United States Code.

WHEREFORE, the plaintiff seeks the entry of a judgment avoiding the 90-day Transfers pursuant to 11 U.S.C. §547(b), and awarding damages against the defendant and in favor of the plaintiff in the amount of $44,338.71 plus interest from this date pursuant to 11 U.S.C. §550(a).

Dated: December 5, 2018

GRAYROBINSON, P.A.
Counsel for Plaintiff
401 E. Las Olas Blvd., Suite 1000
Fort Lauderdale, FL  33301
Ph. (954) 761-8111

s/Patrick S. Scott
Patrick S. Scott
Fla. Bar No. 290025
patrick.scott@gray-robinson.com

\351000\12 - # 5303942 v1